# HAUNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: | CASE NO. 20-40507 |
| JERRY LEO MOORE, JR. | CHAPTER 13 |
| DEBTOR | JUDGE RHOADES |

### *EX PARTE* MOTION FOR EXTENSION OF BAR DATE TO FILE PROOF OF CLAIM

Pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9006(b)(1), Creditor Traylor Properties and Investments, L.L.C. ("Traylor"), and Local Rule 9007-1(a), files this motion for extension of bar date to file a proof of claim. Because it is unclear from the docket whether the bar date has now passed, and because Traylor's failure to have filed a proof of claim up until this point is the result of confusion owing to the repeated dismissals and reinstatements of the case, insufficient notice, and, alternatively, is excusable under applicable law, Traylor requests that the bar date be extended to allow for the filing of its Proof of Claim in the form of the attached.

Federal Rule of Bankruptcy Procedure, Rule 9006(b)(1) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Local Rule 9007-1(a) provides "The following motions will require proper certificates of service, but will not require any suspense language, and will be presented to the Court for immediate consideration: . . . Motion for Extension of Bar Date for Filing Claims."

Traylor files this Motion and Proof of Claim only shortly after the case was recently reinstated from dismissal for the second time. The Debtor filed a prior case, case no. 19-43309, in December 2019, which was then dismissed in January 2020. The Debtor moved to vacate the dismissal, which was denied in February 2020. That case is now closed.

The Debtor then filed this case in February 2020, and it too was dismissed in March, 2020. It was then reinstated soon after in March, 2020. The case was then dismissed again in July 2020. By this time the Debtor's related bankruptcy case, Moore & Moore Trucking, LLC, in the Eastern District of Louisiana had alerted Traylor that it had a potential claim in this case. Traylor contacted the Court and Debtor's counsel regarding the reinstatement motion, but before Traylor could participate in the reinstatement motion, the reinstatement was granted on or about August 31, 2020.

The record reflects that a bar date was set for Proofs of Claim on April 29, 2020. However, the Case Management System reflects that this deadline was "terminated" on March 10, 2020, i.e. the date of the first dismissal. See Exhibit A – *Current Deadline / Hearing Inquiry from CM /ECF*. The background of dismissals and reinstatements and repeat filings has been confusing. Now that the case has been reinstated, Traylor seeks leave to file its Proof of Claim, the form of which is attached hereto as Exhibit B.

In the alternative, Traylor seeks leave to file under Bankruptcy Rule 3002(c)(6). It provides:

> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or

      (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

Traylor Properties and Investments, L.L.C. was not provided notice of this proceeding. The Debtor provided notice to "Darrel Traylor" which was presumably directed to Darryl Traylor, who is a principal of Traylor Properties and Investments, L.L.C. Because of this deficiency of notice, Traylor is entitled to relief under Rule 3002(c)(6), specifically an additional 60 days in which to file its proof of claim.

Traylor has advised Debtor's counsel of its intent to seek the relief requested in this Motion and has received no objection. Traylor has advised counsel for the Trustee of its intent to seek the relief requested in this Motion and has not received notice of any objection.

WHEREFORE, Traylor requests that it be granted leave to file its Proof of Claim in this matter, and for all other and further relief to which it may be entitled under applicable law.

                                                  Respectfully Submitted,

                                              */s/ Benjamin W. Kadden*
                                        BENJAMIN W. KADDEN (TX 24077542)
                                        JOSEPH P. BRIGGETT  (#33029)
                                        **LUGENBUHL, WHEATON, PECK,**
                                        **RANKIN & HUBBARD**
                                        601 Poydras Street, Suite 2775
                                        New Orleans, LA 70130
                                        Telephone: (504) 568-1990
                                        Facsimile: (504) 310-9195
                                        Email: jbriggett@lawla.com

**CERTIFICATE OF SERVICE**

I certify that this pleading has been served upon all counsel and parties in interest appearing herein via the Court's electronic noticing system this 22d day of October, 2020, and has been sent via US Mail to the parties listed on the attached service list.

*/s/ Joseph P. Briggett*